ELLIS, Judge.
This is a suit on a promissory note, brought by plaintiff D. J. & L. Company, Inc. against Dave L. Pearce and Louis B. Rogers. Issue was never joined as to Rogers, and the case was tried only as to Pearce. From a judgment rejecting its demands against Mr. Pearce, plaintiff has appealed.
The note sued on is a bearer note in the sum of $40,000.00, dated December 1, 1959, and payable four years after date. The note was made and endorsed by “Rogers and Pearce”, represented by the two defendants herein, and also individually endorsed by them. It was negotiated to plaintiff after maturity, so that plaintiff is not a holder in due course. The defenses urged by Mr. Pearce are “absence or failure of consideration”, or “failure of a suspensive condition”.
Mr. Pearce and Mr. Rogers were in the real estate development business in the Baton Rouge area, and employed James W. Smith as a bookkeeper and office manager. During 1959, both defendants were engaged in other pursuits, and the bulk of the work associated with the real estate business was being done by Mr. Smith.
Mr. Pearce testified that the note was given to Mr. Smith to assure him that he would be adequately compensated for his work out of the anticipated profits from their various ventures. He testified that it was made clear to Mr. Smith that if they did not make any money, he would not be paid the $40,000.00.
Mr. Rogers said that Mr. Smith had done valuable work and 'they anticipated that he would do more valuable work. They wanted to insure that he would remain with them, and gave him the note for those reasons. Mr. Rogers felt they owed him the money. Mr. Rogers testified that he was the majority stockholder of the plaintiff corporation.
Mr. Smith testified that he had become concerned because he was doing all of the work and wanted some security for himself and his family, and some assurance that he would be adequately compensated for what he was doing. He said he was given the note for this reason.
Shortly after the delivery of the note, the real estate ventures in which the parties were interested failed. Early in 1961, Mr. Smith left their employ. After an unsuccessful attempt to collect the note at maturity, Mr. Smith testified that he gave the note to plaintiff in return for payment by plaintiff of $20,000.00 to $25,000.-00 of obligations for which he was personally liable.
The trial judge found as a matter of fact that it was not intended by the parties to the note that it be paid unless and until the profits anticipated by the defendants were realized. This event never came to pass.
In order to reach this conclusion, it was necessary that he accept the testimony of Mr. Pearce. After a review of the record, we are unable to say that in so doing he committed manifest error.
Under the foregoing finding of fact, it is obvious that the note was to be collectible only if the defendants’ real estate ventures were successful. When they failed, the obligation represented by the note was extinguished, and defendant is not obligated to pay it.
In view of the foregoing holding, it is not necessary that we consider plaintiff’s *265 alternative contention, under R.S. 7:28, that the defense be considered as a defense pro tanto, and that he be allowed the value of Mr. Smith’s services between the date of the note and the date of his resignation.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.